ROBERT SPITZER, Appellant, v. ALBERT SPITZER, Respondent, Impleaded with Others.

*Will — a devise to an executor to collect and pay over the rents until a sale, creates a trust — a limit on the price, which may be changed by the beneficiaries, does not violate the statute against perpetuities — a failure to sell within two years.*

A testatrix by her will devised certain real estate to her executor in trust and directed him, as soon as possible after her death and within two years after the probate of the will, to sell the real estate "at public or private sale and for the best price that can be realized, but for not less than eighteen thousand five hundred dollars, without the written consent" of the testatrix's five sons or the survivors of them, and, upon the sale of the real estate, to divide the proceeds equally among said sons, and in the event of the death of any of them prior to such sale, to hold his share in trust during the minority of his issue, should he leave any, and, if he left none, to pay it over to the other sons in equal proportions. Until the sale of the real estate, the executor was directed to collect the rents thereof, and at the end of each year to divide the net income among the testatrix's sons, and in the event of the death of any of said sons before such division, to make the same disposition of the income as was directed to be made of the proceeds of the sale.

*Held*, that the heirs of the testatrix were not entitled to maintain an action for the partition of such real estate, as the will created an express trust in such real estate and not merely a power in trust;

That the fact that the trust was to continue until the sale, and that the executor could not sell for less than the stipulated price without the written consent of the testatrix's sons, did not render the trust void as in violation of the statute against perpetuities, since the executor could sell for any price if he obtained the consent of such sons;

That the power to sell had not ceased by the executor's failure to exercise it within two years.

APPEAL by the plaintiff, Robert Spitzer, from an interlocutory judgment of the Supreme Court in favor of the defendant, Albert Spitzer, entered in the office of the clerk of the county of New York on the 15th day of July, 1898, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiff's demurrer to the said defendant's answer.

The 4th clause of the will referred to in the opinion is as follows :

"*Fourth.* I give and devise unto my executor hereinafter named, the house and lot now owned by me and known as No. 975 Park

avenue, in the city of New York, *in trust,* however, for the follow-ing uses and purposes :

" I direct my executor, as soon as possible after my death, and within two years after this my last will and testament shall have been admitted to probate, to sell my said house at public or private sale, and for the best price that can be realized, but for not less than eighteen thousand five hundred dollars, without the written consent of my sons, Oscar L., Albert, Robert, Henry L. and Edward L. Spitzer, or the survivors of them ; and upon the sale of said house I direct him to divide the proceeds realized equally among my said five sons ; but should any one of my said sons die prior thereto, leaving no lawful issue him surviving, my said executor shall pay the share otherwise hereby payable to him to my other said sons in equal pro-portions ; but should any of my said sons die prior thereto or before my death, leaving lawful issue him surviving, I then direct my executor to divide the share hereby payable to him into as many equal parts as there may be lawful living children of my said deceased son, and as to said equal parts I direct my executor to invest the same for the benefit of the said children, to invest one equal part during the minority of one child, and to pay the said part with its accumu-lations and profits over to the said child upon its attaining its full age, and to invest a second part during the minority of another child and to pay the same with its accumulations and profits over to said child upon its attaining its full age, and so on.

" Until the said house shall be sold I direct my executor to collect the rents and incomes therefrom, and to pay out of said rent and income the interest on mortgage, taxes, water rents and all expenses that may be necessary connected with the said house, and at the end of each year to divide the balance, if there be any, among my said five sons mentioned equally ; but if any of my said five sons should die prior to said division leaving no lawful issue him surviving, I then direct that the share that would hereby be payable to him shall be divided equally among the survivors of my said five sons ; and should any of my said five sons die before said division or before I do, leaving lawful issue him surviving, I then direct my executor to retain the share that would hereby be payable to such deceased son until the said house shall be sold, and then to invest said share for the benefit of such lawful issue of such deceased child in the same

manner and together with the share my said executor is directed to invest for the benefit of such lawful issue when the said house shall be sold.

"Until the said house shall be sold I direct the apartment occupied by me therein at the time of my death shall be reserved free of rent for my sons Henry L. and Edward L. Spitzer, or the survivor of them, and they shall be permitted to use the same as a home."

This appeal was transferred from the first department to the second department.

*Henry Cooper*, for the appellant.

*Jacob Marks*, for the respondent.

CULLEN, J. :

The plaintiff demurred to the answer ; the defendant retorted by asserting that the complaint did not state a good cause of action. This contention the court below upheld, and rendered judgment in favor of the defendant. The action is for partition, and the only question is whether, under the 4th clause in the will of the ancestor of the plaintiff, the defendant, as executor, took title to the real estate mentioned in that clause. We think he did. There is a devise in express terms to the executor, and he is directed to collect the rents and divide them among the beneficiaries until such time as he shall have sold the property. This is an express trust, not merely a power in trust. It is, therefore, unnecessary to consider whether the direction of the will, that the executor should sell, constituted an equitable conversion.

The will directs that the executor shall sell, as soon as possible after the testator's death and within two years from the admission of her will to probate, for the best price that can be realized, but for not less than $18,500 without the written consent of the testator's sons. It seems to us that this does not violate the statute against perpetuities. The trust is to continue until the time of sale. If the authority to sell was unqualifiedly limited by the provision that the executor should obtain the sum of $18,500 for the property, the trust would be illegal because it might be that the executor never could obtain that price. But under the will the executor can sell for any price if he obtains the consent of the testator's sons. There-

fore, under *Robert* v. *Corning* (89 N. Y. 225) there is no restriction of the power of alienation, for there·are persons in being capable of conveying at any time an immediate and absolute fee in possession. Nor has the power of sale ceased by the failure to exercise it within the term of two years. It still continues. (*Mott* v. *Ackerman,* 92 N. Y. 539.)

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.