(39 App. Div. 548.)

STAPLES v. HAWES et al.

(Supreme Court, Appellate Division, First Department. April 14, 1899.)

1. EXPRESS TRUSTS—VALIDITY.
A direction to a trustee to pay the income of the property to the beneficiaries creates a valid express trust, under Statute of Uses, § 55, subd. 3 (1 Rev. St. p. 728), authorizing express trusts to be created to receive the rents and profits of lands, and apply them to the use of any person.

2. WILLS—CONSTRUCTION—SEPARATE CLAUSES.
A clause in a will devising the residue of testator's property to a person named, in trust for others named, to be distributed among the latter on a certain date, and a following clause directing the trustee to pay the income to the said beneficiaries, must be construed together.

3. SAME—CREATION OF TRUST ESTATE.
A will devising property to one in trust for others named, with directions to the trustee to pay the income to the beneficiaries, which will does not name the first person in any other relation than as trustee, creates an estate in him, and not a mere power in trust, with the estate in the beneficiaries.

4. PERPETUITIES—DEVISE.
Where a will devises real estate in trust, with directions that it be divided and distributed among the beneficiaries, share and share alike, on a certain future date, and that the trustee pay the income to the beneficiaries, neither the trustee nor the beneficiaries have power, until such date, to alien the estate; and the devise is void, under the statute prohibiting suspension of alienation for a period of years.

5. WILLS—ACTION FOR CONSTRUCTION—ELECTION.
Where a will made in one state purports to pass both real and personal property, but a devise as to land in another state is void, in an action in the latter for a construction of such devise the question whether the heir at law, who is a party defendant, has made a binding election, cannot be considered.

Appeal from special term, New York county.

Action by Frank T. Staples, as trustee under the will of David Wakeman, deceased, against Agnes Hawes and others, for the construction of a will. From a judgment for defendant Agnes Hawes and another (53 N. Y. Supp. 860), Mary Hawes and others, devisees and defendants, appeal. Affirmed.      .

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Edward H. Childs, for appellants.
Treadwell Cleveland, for respondent Agnes Hawes.
William D. Leonard, for plaintiff respondent.

John Biddle Clark, for respondent James Staples.
Charles W. Coleman, for guardian ad litem of respondent Jesse Wakeman.

PATTERSON, J. This action was brought by a trustee for the construction of the will of David Wakeman, deceased, who at the time of his death was a resident of Connecticut, and who by his will disposed of personal property and real property, some situate in Connecticut, and some in the state of New York. The testator left as his only heir at law and next of kin his daughter, Agnes Hawes. By the second clause of his will he gave to her "the use and occupancy during her natural life of my farm, situated in Southport, in the town of Fairfield [Connecticut]; including the mill on said property, and the water right in the creek" adjoining. By the third clause he gave to his daughter all the personal property, of every nature whatsoever, situated on that farm. By the fourth clause he gave to his granddaughter, Mary Hawes, the said farm, "including the mill and water right," subject to the life use of her mother, Agnes Hawes. He then proceeded to dispose of the residue of his estate as follows:

"Fifth. I give, devise, and bequeath the rest and residue of all my property, both real and personal, and wherever situated, to Frank T. Staples, in trust for my grandchildren, Mary Hawes, David Henry Hawes, Isaac Hawes, my adopted son, Jesse Wakeman, and my daughter, Agnes Hawes, to be divided and distributed among them, share and share alike, on December 1st, 1910. Sixth. I direct my said trustee to pay the income of said trust property to said David Henry Hawes, Mary Hawes, Isaac Hawes, Jesse Wakeman, and Agnes Hawes, semiannually."

The will was admitted to probate in Connecticut on the 3d of October, 1896. On the 10th of April, 1897, it was admitted to probate in the state of New York. The complaint sets forth that the testator died seised of real estate situate in the county of New York and in the county of Kings, in the state of New York, and that it is included in, and forms part of, the rest, residue, and remainder of his estate. It is also alleged that the testamentary provision as to the rest, residue, and remainder is valid and effectual in the state of Connecticut, but that it is claimed that, as to the realty situate in New York, it is void by the law of New York; and judgment of the court is prayed as to the validity and effect, under the laws of New York, of the testamentary disposition of the rest, residue, and remainder of the estate, so far as the same affects real property, of which the testator died seised, situate in New York. It appears that all of the defendants interested in the will, except Agnes Hawes and the executor, are infants, and the usual infants' answers have been interposed by guardians ad litem. The defendant Agnes Hawes answered, and claimed that the testamentary disposition of the fifth and sixth clauses of the will are void, and that she is entitled, as sole heir at law, to a fee simple in the real estate disposed of by those clauses, situate in the state of New York. It was decided at the special term that the fifth and sixth clauses of the will, so far as they relate to the real estate situate in New York, are void, as unlawfully suspending the power of alienation of that property. Among other things, the justice at special term found:

"That the defendant Agnes Hawes now lives upon the farm mentioned in the second paragraph of the will of the said David Wakeman; deceased, and has accepted the legacy mentioned in the third paragraph of the said will, and has received from the plaintiff, Frank T. Staples, trustee, certain sums of money at different times, under order of the court."

The evidence upon which this finding is made does not appear in the record. By the judgment entered, the dispositions made by the fifth and sixth clauses are declared void, and it is adjudged that Agnes Hawes is entitled to the whole of said real estate, in fee, as sole heir at law, and that she is not estopped from asserting the invalidity of those clauses; and this appeal is taken from that judgment.

The first point presented for consideration is whether, by the terms of the will, the absolute power of alienation is suspended, contrary to the terms of the statute. A period measured by years, and not by lives in being, during which there will be no person in existence by whom the absolute estate in possession can be conveyed, brings a devise within the rule against the unlawful suspension of the power of alienation. If authorities are needed for this proposition, they are abundant. Dodge v. Pond, 23 N. Y. 69; Beekman v. Bonsor, Id. 306; Leonard v. Burr, 18 N. Y. 107; Bascom v. Albertson, 34 N. Y. 584; Cruikshank v. Home for the Friendless, 113 N. Y. 337, 21 N. E. 64. The contention of the appellants is that, under a proper construction of this will, there is a gift directly to the persons, other than the plaintiff, named in the fifth clause of the will. The rule is invoked that that construction will be given which will support a will, rather than that which will defeat it, and that the fifth and sixth clauses may be considered separately, and that by so doing it would result in the fifth clause merely providing for a passive trust, and in the sixth clause containing a present gift, spelled out from the direction to pay the income to the persons therein named; that being, it is claimed, tantamount to a gift of income, which would carry with it the estate. But the real test of construction here, as in every other will, is the intention of the testator; and it would seem manifest that the fifth and sixth clauses of the will must be construed together, and that, as a consequence, it was the undoubted intention of the testator to create an estate in the trustee, upon which were limited remainders to the grandchildren and the adopted son. By the fifth clause, the devise of the residuary estate is directly to Frank T. Staples in trust, to be divided and distributed, share and share alike, on December 1, 1910. By the sixth clause, it is the trustee who is to pay the income, and the gift of the income is, by necessary implication, to the trustee. The trust purpose, as expressed in the sixth clause, is, irrespective of the question of the term, entirely lawful as an express trust, under the third subdivision of the fifty-fifth section of the statute of uses (1 Rev. St. p. 728). It is a direction to pay over rents, issues, and profits; and, although those words are not used, the requirement to pay over is tantamount to a command to apply to the use of. Leggett v. Perkins, 2 N. Y. 297; Leggett v. Hunter, 19 N. Y. 454. The authority to receive rents is necessarily implied. It is not required that the purposes of the trust should be stated in the words of the statute, if a purpose within the statute is plainly set forth in the language used.

Tobias v. Ketchum, 32 N. Y. 319; Vernon v. Vernon, 53 N. Y. 351. The two clauses must be read together, to ascertain the testator's intention. By the fifth clause, standing alone, there may be nothing which requires the trustee to have a title or an estate; but by the sixth clause the purpose of the trust is declared, and an active duty is required, namely, to pay over income to the same persons who will be entitled to the land at the date fixed in the fifth clause. From the structure of these clauses, it seems beyond question that the testator intended to confer an estate upon the trustee. The gift is directly to him. He is named in the will in no other relation than that by which he is designated, viz. a trustee. He is neither executor nor a beneficiary under the will. The present words of gift are to him, and he is to make division at a certain time. Meanwhile, he is to pay over the income of the trust property semiannually to the beneficiaries. Here are a trustee, a trust purpose, an estate, and beneficiaries. This construction is emphasized when it is observed that there is no gift to any of the beneficiaries as tenants in common or jointly, or of undivided interests; but a distinct intention is manifested that each of the beneficiaries shall receive a specific segregated share, shall take it individually, shall hold it individually and separately, and shall not take it until it is severed on the 1st day of December, 1910. Futurity is therefore annexed to the substance of the gift. Until the period of division arrives, neither of the beneficiaries can take the separated share, which alone the testator intended should be taken. Meanwhile there is a trust estate in the trustee, which he cannot alien; for it is bound to him during the term, and the beneficiaries cannot alien so as to convey the property in possession freed from the trust estate. Therefore it follows that the power of alienation of the New York real estate is suspended, not upon lives, but upon a term of years. If the provisions of the fifth and sixth clauses could be construed only as conferring a power in trust, and not a trust estate, that construction would be preferred for the purpose of supporting the will; but we do not think they are susceptible of that construction, or that the beneficiaries, in any view, take such interests as would enable them, by uniting in a conveyance, to extinguish a power.

It is argued by the appellants, however, that the judgment is erroneous because the defendant Agnes Hawes, the heir at law, has made an election to take the specific devise and bequest to her contained in the second and third clauses of the will, and therefore the judgment declaring that the New York real estate is vested in her in fee simple cannot be sustained. We do not see how this question of election can properly be considered in this case. It is true, the court below has found that the defendant Agnes Hawes now lives upon the farm mentioned in the second paragraph of the will, and that she has accepted the legacy mentioned in the third paragraph, and that she has also taken money from the trustee at different times under order of the court; but there is nothing found by the court, nor is there anything contained in the record, to indicate that these facts constitute a binding election,—that is to say, one made with a full knowledge

of rights, or a full understanding of the relative values of properties. To make acts effectual as an election, the person alleged to have elected must have done them with knowledge of his rights, and with the intention of electing. Stratford v. Powell, 1 Ball & B. 1; Brown v. Brown, L. R. 2 Eq. 481; Heron v. Hoffmer, 3 Rawle, 396; O'Driscoll v. Koger, 2 Desaus. Eq. 295; Pinckney v. Pinckney, 2 Rich. Eq. 219; Hall v. Hall, 2 McCord, Eq. 280; Adsit v. Adsit, 2 Johns. Ch. 448. A binding election may be inferred from the retention by a legatee for a long time of what is taken under a will, but whether what is done amounts to an election or not must always be determined by the particular circumstances of each case; and there is nothing here from which, as matter of law, it can be adjudged that such an election was made by the testator's daughter. But we think the question of election is not before us in this case, because this action is instituted by the trustee, who applies to the court for an adjudication upon his right and title to certain real estate situate in this state. The parties who are or may be interested in that estate were brought in as defendants in the action by the trustee; and his right to an adjudication, and the duty of the court to adjudicate upon, his title, are not, and cannot be, questioned. Finding that he has no title, that the devise to him is void, and that, in effect, the testator has died intestate as to the New York realty, title to the land is in the heir at law, and it can go to no one else. She, being brought in as a party defendant, has merely set up what is apparent, namely, the invalidity of the devise of the New York real estate, that that must be decided by the law of New York, and that she is the only heir at law; and she asks for an adjudication of her rights as such heir at law. There is then presented merely a case of a court, of a state in which certain real estate is situate, called upon to determine whether a devise of that real estate is valid under a foreign will. Where a will is made in one state, professing to pass both real and personal property, but is not executed so as to pass real estate in another state, the heir at law is not put to an election in the latter state. Jones v. Jones, 8 Gill, 197; Maxwell v. Maxwell, 2 De Gex, M. & G. 705. If the whole estate of the testator were in the state of New York for adjustment and administration, it might be that a person accepting a benefit under the will would be called upon to elect. Such cases are Hawley v. James, 16 Wend. 61; Leonard v. Crommelin, 1 Edw. Ch. 206; Thompson v. Carmichael's Ex'rs, 1 Sandf. Ch. 387; Chipman v. Montgomery, 63 N. Y. 221. It was suggested on the argument that Chipman v. Montgomery was criticised by this court in the case of Steinway v. Steinway, 24 App. Div. 104, 48 N. Y. Supp. 1046, wherein it was said that it was no longer a controlling authority. That was said, but not upon this point. In the Steinway Case the question of election was not considered nor intended to be. The criticism of Chipman v. Montgomery therein made related only to the subject of jurisdiction, and to the right of the next of kin taking a legacy under a will to maintain an action for the construction of a trust as to

personal property, without surrendering what he had taken specifically under the will, and was based upon later decisions of the court of appeals. Whether, on the final settlement of the whole of the testator's estate in Connecticut, and on a bill appropriately filed, the courts of that state would require the heir at law to elect between taking, outside of the will, real estate in New York, or the provision made as to the Connecticut real estate and the personal property, is a question we do not have to determine. In Van Dyke's Appeal, 60 Pa. St. 481, Judge Sharswood compelled an election, and worked out equities in favor of disappointed beneficiaries under a will, where there was a bequest of personal property to an heir at law in Pennsylvania, and a devise to other parties of real estate in New Jersey, which devise was void in New Jersey, and the title to which devolved upon the heir at law. In the case before us, we cannot put the heir at law to an election.

The judgment should be affirmed, with costs. All concur; VAN BRUNT, P. J., and McLAUGHLIN, J., in the conclusion that the trust is void.