ANNIE EPSTEIN, Plaintiff, *v.* REBECCA WERBELOVSKY, Individually, etc., et al., Defendants.

(Supreme Court, Kings Special Term for Trials, July, 1919.)

Wills — construction of — when whole will declared invalid — suspension of power of alienation.

Where it appears that testator, who died about a year after making his will, was fond of his two infant children by his second wife and meant them to have a substantial portion of his estate, and in an action for the construction of his will, the provision he sought to make for them is held to be invalid because suspending the power of alienation, the will as a whole must be declared invalid, as to permit the balance of the will

to stand would entirely deprive said children of their inheritance and would be unjust and contrary to the wishes of testator.

ACTION for the construction of a will.

Louis J. Altkrug, for plaintiff.

H. S. & C. G. Bachrach, for Abraham Werbelovsky, Charles Werbelovsky and Benjamin Werbelovsky, individually, and as executors of the last will and testament of Jacob H. Werbelovsky, deceased, and for Sarah Werbelovsky, Bessie Werbelovsky and Lillian Werbelovsky, defendants.

Guggenheimer, Untermyer & Marshall (Louis Marshall, of counsel), for Rebecca Werbelovsky and for William Lieberman, special guardian for Howard Werbelovsky and Tessie Werbelovsky, infants, defendants.

Jehial M. Roeder, for J. Charles Weschler, guardian *ad litem* for Helen May Epstein, defendant.

CROPSEY, J. There has been prior litigation between the parties to this action and that has resulted in the will of the deceased being declared to have been properly executed, etc. See 167 App. Div. 942; 219 N. Y. 658. That litigation, however, did not determine the validity of the provisions of the will. That is the main question here involved. And there is another question whether, if the trust provision is invalid, the whole will falls.

It is elementary that a will must be construed so as, if possible, to give effect to its provisions. *Dougherty* v. *Thompson,* 167 N. Y. 483; *Matter of Hoyt,* 116 App. Div. 217; affd., 189 N. Y. 511; *Jacoby* v. *Jacoby,*

188 id. 124, 130; *Matter of Lally,* 136 App. Div. 781, 787; affd., 198 N. Y. 608. And even though the court does not understand the reasons that prompted the testator to make the particular disposition of his property, that is no reason for not sustaining the testator's act.

The deceased had been twice married. By his first wife he had five children — three sons and two daughters, the plaintiff being one. They were all adults at the times in question. By his second wife he had two children, the daughter Tessie, who was eleven years of age when he made his will, and the son Howard, who was then five years of age. The testator died a year after the will was made. The daughter Tessie was deaf and dumb. The deceased's second wife survived him.

By the terms of the will, the wife was left $3,000 and, until she remarried, free rent of the apartment they had occupied, or, in lieu of that, $15 a month. She was also to receive $15 a week for the support of the two minor children, Tessie and Howard, if they lived with her until they became of age. It was admitted that the wife had signed a pre-nuptial agreement barring her rights of dower.

The will next contained provisions for the two minor children and then left all the remainder of the estate to the three adult sons, charging the real estate, however, with the payment of certain legacies amounting to about $45,000. One of these legacies was the sum of $10 a week for five years to the testator's daughter, the plaintiff herein, and a sum sufficient at the end of that period to make the total of $5,000. To his other adult daughter the testator left $10 a week for ten years with a sum sufficient at the end of that period to make the total amount paid to her $10,000.

The question arises over the provision for the minor

children. By it two houses were left in trust and the trustees were directed to collect the rents, pay the taxes and other charges and retain the net income " as a trust fund " for the benefit of the two minor children, " to be paid with all accumulations of interest thereon to my said son and daughter when the younger of them shall have reached the age of twenty-one years, at which time said trust fund shall be equally divided between them." Should either of said children die before becoming twenty-one, then the entire trust fund shall go to the survivor when that survivor shall become twenty-one. And should both of said children die before becoming twenty-one, then the said trust fund shall form a part of the residuary estate. When the younger of the said children (Howard) shall have become twenty-one, the trustees are directed to convey the properties to the three adult sons of the testator, or such as may be living, provided they pay the trustees $25,000 above the present mortgages, and, on such payment being made, the said adult sons " shall become the absolute owners of said premises." If the said adult sons fail to make such payment within ninety days after Howard becomes twenty-one, then the trustees are directed to convey the said properties to Tessie and Howard, or the survivor of them if one be dead, to be their own property absolutely. Should both Tessie and Howard die before becoming twenty-one, " then the said trust hereby created shall at once cease and determine, and the said real property " in such case goes to the three adult sons. If the adult sons purchase the properties as provided from the trustees, then the trustees are to divide the $25,000 equally between Tessie and Howard, but if one of them be dead then the entire amount shall go to the survivor. The trustees are given the right, in their discretion, " to apply so much

of the income of said real estate as they deem necessary for the proper maintenance and education of my said son and daughter, and the balance of the money remaining shall be payable as hereinbefore provided.''

The foregoing is a summary of the trust provisions and it is set forth in the order in which they appear in the will.

It will be seen at once that the provisions are very incomplete and do not cover many contingencies. It will also be noticed that there is no division of the *corpus* of the trust estate or of the accumulation of income. There is no separate trust created for each infant. The language plainly negatives that. The contention is that there may be an unlawful suspension of the power of alienation. There is practically no dispute as to what the law is, but there is a diversity of contention as to how it should be applied. There is also a decided difference of opinion as to what the will actually provides. It is settled beyond dispute that a period measured by years and not by lives during which there will be no person who can convey the absolute estate in possession brings a devise within the rule against unlawful suspension of the power of alienation, the same as if the devise was for more than two lives in being. *Staples* v. *Hawes,* 39 App. Div. 548; *Kalish* v. *Kalish,* 166 N. Y. 368. And a power of sale, though imperative, if restricted to amount and to purchaser, does suspend the power of alienation. *Spitzer* v. *Spitzer,* 38 App. Div. 436; *Stewart* v. *Woolley,* 121 id. 531.

A trust to receive the rents and apply them to the support of the children is a valid trust and may continue during a lifetime. It is not limited to minority. But a trust to receive rents and to accumulate them is limited to minority (*Staples* v. *Hawes,* 39 App. Div.

548), and is valid only if the accumulation then goes to the person for whose benefit it was authorized. *Pray* v. *Hegeman,* 92 N. Y. 508. In the present case the accumulation was to continue until Howard was twenty-one, that is, until Tessie would be twenty-seven. At that time it was to be divided equally. There is no provision, however, terminating the trust at that time. The provision merely directs the payment then of the accumulation up to that time. If *both* Tessie and Howard die before becoming twenty-one, then the accumulation goes to the residuary estate. If Tessie died before Howard became twenty-one, then upon his becoming of age the whole accumulation was to be paid to him. And if Howard died before Tessie was twenty-one, then when she reached her majority she was to receive the whole accumulation. There is no provision in the event of Howard dying before he is twenty-one but after Tessie has become twenty-one. The defendants concede that the accumulation for Tessie after she is twenty-one is invalid, but they contend that it is valid until she becomes twenty-one. This is so if she would then be entitled to receive the property. But under the will she does not have that right. There is no separation of the accumulation, and, moreover, if Tessie died after she became twenty-one and before Howard became twenty-one, she would have no interest in the *corpus.* The will is silent as to the disposition of the accumulation in that event. If Tessie dies before she is twenty-one, the will provides that the entire accumulation goes to Howard. But there is no provision in the event of her death after twenty-one and before Howard becomes twenty-one. There is no present gift in the will to either of these children.

As to the *corpus,* the trust is to cease if both Tessie and Howard die before becoming twenty-one. The

property then goes to the three adult sons. There is no other express termination of the trust provided. It is provided that " when the *younger* of my said two children [Howard] shall have reached the age of twenty-one years " the trustees are to convey the trust properties to the adult sons if they pay $25,000 above the mortgages. But it is clear that the title of the trustees to the trust property was not to end upon Howard becoming twenty-one. The direction to the trustees to convey to the adult sons was a qualified one and might never be carried out. Unless the adult sons saw fit to purchase the properties in less than ninety days, the trustees would be obliged to hold it during that period and then, if the adult sons did not take it, convey it to Tessie and Howard. Meanwhile the trustees would be in possession and charged with the duty of accumulating the rents for Tessie and Howard except such part of them as in their discretion they might pay over for their support. If Howard dies before he is twenty-one and Tessie lives, there is no provision for the disposition of the *corpus*. The provisions for the conveyance to the adult sons and in the alternative upon their failure to pay the stipulated sum to Tessie and Howard are conditioned solely upon the " younger " of the two children, that is, Howard, becoming twenty-one. This is not affected by the clause that if the adult sons fail to take the property within ninety days then the trustees shall convey it to Tessie and Howard " or the survivor of them, if one be dead," nor by the clause that if the adult sons do take the property the trustees shall divide the sum received equally between Tessie and Howard, " but if one of my said two children shall be dead then said entire amount shall go and be payable to the survivor." These clauses evidently cover the contingency of the death of either Tessie or

Howard *after* Howard became twenty-one. The defendants' contention is that when Howard becomes twenty-one the title to the *corpus* of the trust estate vests in Tessie and Howard subject to be divested if the adult sons elect to take the property. But the will does not support this claim. The title remains in the trustees until they convey either to the adult sons or to Tessie and Howard. During the ninety-day period or until such prior time as the adult sons elect to take the property, the trustees cannot dispose of it, and the power of alienation is suspended. This is an invalid provision, as it is in addition to the suspension of that power during the minorities of both Tessie and Howard. This renders the entire provision for Tessie and Howard nugatory and they will receive no share in the estate unless the whole will may be invalidated because of the invalidity of the trust provision. Where the elimination of a void provision in a will would render it unjust to sustain the balance of the will and where the testator's general plan could not then be carried out the whole will will be treated as ineffectual. *Benedict* v. *Webb,* 98 N. Y. 460; *Brown* v. *Quintard,* 177 id. 75, 85; *Tilden* v. *Green,* 130 id. 29, 50; *Bailey* v. *Buffalo L. T. & S. D. Co.,* 213 id. 525. The proof shows that the testator was fond of both Tessie and Howard. It was certainly not his intention to disinherit them. He meant them to have a substantial portion of his estate. But the provision he sought to make for them is invalid. To permit the balance of the will to stand would entirely deprive these children of their inheritance. It would be unjust and contrary to the wishes of the testator to permit this result to follow. Hence the whole will must be declared invalid.

There has been much delay in rendering this decision, but it has been due principally to the great

amount of time consumed in a review of the authorities cited. Several hundred cases are referred to in the defendants' briefs and the court has endeavored to read each one.

The findings and judgment should be settled on notice, at which time the question of allowances will also be considered. Affidavits showing the services rendered and the amounts requested should also be submitted.

Judgment accordingly.