In the Matter of the Construction of the Last Will and Testament of CHARLES T. QUACKENBUSH, Deceased.

Surrogate's Court, Albany County, July 12, 1926.

**Wills** — construction — decedent gave wife income and use of remainder of estate, real and personal, for her natural life, providing she did not remarry — in event wife remarried will directed she should have only such portion of estate as would come to her had decedent died intestate — will construed as giving wife estate in both real and personal property to be terminated on her death or remarriage — wife, on remarriage only entitled to interest in estate as if decedent had died intestate — evidence — parol evidence as to intention of decedent in event of wife's remarriage inadmissible — term " estate " in will includes all kinds of property, real, personal and mixed.

A will by which the decedent gave his wife the income, interest and use of the remainder of his estate, real and personal, providing she did not remarry, but directed that in the event she remarried she should have only such portion of his estate as would have come to her if decedent had died intestate, must be construed as giving to the decedent's wife an estate in both real and personal

property to be terminated upon her death or remarriage; consequently, upon the remarriage of decedent's wife she was only entitled to the same interest in the estate of her husband as if he had died intestate.

Parol evidence as to the intention of the decedent in the event of his wife's remarriage, admitted tentatively upon the proceeding for the construction of decedent's will, must be stricken out, for, while parol evidence may be permitted to explain a will where a latent ambiguity exists *dehors* the instrument, it is never admissible to supply, contradict, enlarge or vary the written terms of a will.

The word " estate," as used in decedent's will, includes all kinds of property, real, personal and mixed.

PROCEEDING for construction of will.

*Naylon, Robinson, Maynard & Bates,* for Ellsworth H. Cohen, executor and petitioner, and another.

*John Alexander,* for Ella G. Quackenbush and others.

*C. B. Race* [*Newton B. Van Derzee* of counsel], for Mary A. Quackenbush Johnson.

LAWYER, S. The last will of Charles T. Quackenbush was admitted to probate on the 5th day of February, 1926. The instrument is dated February 11, 1922, and the testator died January 2, 1926.

Construction is sought of paragraphs " fourth " and " eighth " of said will, which read as follows:

"*Fourth.* I give and bequeath unto my beloved wife, Mary A. Quackenbush, the income, interest, use and profit of all of my remaining estate, both real and personal, for and during the term of her natural life, provided she does not remarry and remains my widow; should, however, my said wife remarry, then and in such case I direct and it is my will that she shall have only such portion of my estate as would have come to her had I died intestate. This provision for my said wife is in lieu of her dower interest in my real estate and any interest she might have in my personal estate had I died intestate."

"*Eighth.* I hereby authorize and invest my Executor, Ellsworth H. Cohen, hereinafter named, with full power and authority to sell, without application to the Court, any and all of my property, both real and personal, except the house and premises No. 25 Euclid Avenue, and the " Old Homestead," hereinbefore referred to, at public or private sale, at such time and on such terms and conditions as he shall deem best for my estate, and to execute, acknowledge and deliver all proper writings, deeds of conveyance and transfers therefor and to invest and reinvest the proceeds therefor as in his judgment he may deem best for the interest of the per-

sons herein named as the beneficiaries of my said estate. This provision, however, being restricted and applicable only for and during the natural life or remarriage of my said wife, whichever may first happen. It being my intention that after the decease or remarriage of my said wife, whichever event may first happen, that then and thereupon my said estate shall pass and be distributed as hereinbefore provided."

By the provisions of paragraph " fourth " the testator gave to his widow an estate in both real and personal property, to be terminated upon her death or remarriage.

The respondent, the widow of the testator, was married to Edward K. Johnson on the 1st day of March, 1926, and her life estate, therefore, ended at that time.

On behalf of the petitioner it is maintained that the word " only " should be declared to mean " merely," and that, therefore, there exists a latent ambiguity, for the reason that when an attempt is made to execute said provision upon the contingency of the widow's remarriage, there arises a choice to be made among the possible meanings of the language used, the respondent's share in the estate being greater in value than she would have received had she not remarried.

The value of the widow's interest if she had remained unmarried is computed to be the sum of $10,825.62. If the words " my estate " include both real and personal property, the value is $11,708.06.

In order to explain the sense in which the testator made use of the word " only," the petitioner called as a witness the attorney who prepared the will and asked him to state the substance of a conversation had between the testator and the attorney concerning the testator's disposition of his property, so far as related to the widow.

As the parties to the proceeding desired to prepare and file briefs in reference to the admissibility of the evidence, upon submission of the whole case, the ruling of the court was reserved.

The attorney testified that before execution of the will, the testator stated to him, with respect to the provisions to be made for his wife, that he wanted to leave her a life interest in the farm which he then occupied and a life interest in the personal property, both conditioned upon her not remarrying. Upon inquiry as to the testator's intention in the event of his wife's remarriage, the testator said: " I haven't any idea whatever that she will remarry, but if she should, then I want to leave her only such amount as I can't deprive her of, only such amount as she would get under the law."

Motion to strike out the answer upon the grounds interposed

Surrogate's Court, Albany County, July, 1926.    [Vol. 127

to the witness' testimony was made in behalf of the respondent. The motion is granted.

Parol evidence may be admitted to explain a will where a latent ambiguity exists arising *dehors* the instrument; but never to supply, contradict, enlarge or vary the written words.    (*Brown* v. *Quintard*, 177 N. Y. 75.)

It is long established that where ordinary English words are used in a will, parol evidence is inadmissible to show that the testator attached a peculiar meaning to them. No extrinsic evidence, oral or written, to show that the testator habitually, or when he executed the particular will, used words in some peculiar, inexact or popular sense, can be adduced for diverting words or phrases from the meaning which the language of the instrument affords unaided, or even for confirming the court in its opinion of what was truly intended.    (*Matter of Disney*, 190 N. Y. 128; *Reynolds* v. *Robinson*, 82 id. 103; Schouler Wills [6th ed.]. § 941.)

The language of the will is plain and unambiguous. There is nothing to interpret. The testator has expressed that he desired his wife to have only such portion of his estate as would have come to her had he died intestate.

A will may not be set aside or made over because a testator makes provisions contrary to general experience. Even though the court does not understand the reasons that prompted a testator to make an unusual disposition of his property, there is no reason for not sustaining the testator's act.    (*Epstein* v. *Werbelovsky*, 108 Misc. 214.)

" In the construction of wills courts must take what the maker, himself, says in the instrument without changing language, punctuation or grammar to carry out what may be thought was intended. Safety lies in giving to the words used by the testator their natural and every day meaning and stopping there.'    (*Matter of Poonarian*, 234 N. Y. 329.)

In a will, standing alone and without qualification, the term " estate " includes all kinds of property, real, personal and mixed.

The widow having remarried, will be entitled to the same interest in the estate of the testator as if he had died intestate.

Decreed accordingly.