Matter of the Appraisal for the Purpose of the Transfer Tax upon the Estate of WILLIAM A. PERRY, Deceased.

(Surrogate's Court, Kings County, July, 1918.)

Transfer tax — joint tenants of personal property — Tax Law, § 220(7), as amended by chapter 664 of the Laws of 1915.

> Where prior to the amendment of 1915 to section 220 (7) of the Tax Law, in force at the time of decedent's death, he and his wife became joint tenants of personal property by virtue of instruments in writing of even date, which by the terms of assignment and *habendum* and the declarations of the parties profusely evidenced an intention that they took a relation to such property as joint tenants and not as tenants in common, and the assignment was " to the survivor of them," one-half of such property was at his death subject to a transfer tax.

APPEAL from an order assessing the transfer tax.

John B. Pine, for executors.

L. A. Wray (Francis H. Warland, of counsel), for State Comptroller.

KETCHAM, S.   In 1902 the decedent and his wife became joint tenants of personal property by virtue of instruments in writing of even date, which by the terms of assignment and *habendum* and the declarations of the parties profusely evidenced an intention that they took a relation to such property as joint tenants and not as tenants in common, and the assignment was " to the survivor of them."

The decedent died February 16, 1916. Section 220 of the Tax Law in force at the time of death, stripped to its application to this case, provided as follows: " Whenever intangible property is held in the joint names of two * * * persons * * * upon the death of one of such persons, the right of the surviving * * * joint tenant * * * to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates belonged absolutely to the deceased * * * joint tenant."

Under the text of this statute a transfer of one-half of the securities held by the deceased and his wife became taxable at his death.

This is the inevitable effect of *Matter of McKelway,* 221 N. Y. 15. It has not been possible for this court to find in the *McKelway* case ground for the suggestion that the transaction there considered was anything but one joint tenancy.

The executors attempt to distinguish the case cited because there was in that case no agreement by either tenant not to terminate the tenancy, while in the case at bar it is claimed by them that there was such an agreement.

True, in the opinion of the court in *Matter of McKelway,* it was said: " The imposition of such a tax violates no contract for neither joint tenant agrees not to terminate the joint tenancy."

There was, however, no agreement in the present case not to terminate the joint tenancy. It was declared by the parties that, since it might be desirable to sell or dispose of the securities held by them and to reinvest the proceeds, the said securities and moneys (the proceeds of sale or disposition) were owned by

Misc.]    Surrogate's Court, Kings County, July, 1918.

and were the property of the parties and the survivor of them as joint tenants and not as tenants in common. It was also agreed that the proceeds of sale or disposal and all future investments were and should continue to be the property of the parties and their survivor as joint tenants and not as tenants in common.

The first declaration was but an affirmance of the relation of the parties to the original property. The second agreement contained no surrender of the right which inhered in each party by reason of the joint tenancy to dispose of his or her right.

The contract was inevitably limited to the conduct of the parties so long as they remained in joint tenancy. It was confined to the proceeds of a sale or disposition in which they both should join. Since it did not contemplate their relations in case one of them should assign his or her interest, it could not, either by expression or intimation, forbid such assignment.

When it is considered that one of the essentials of joint tenancy is the right of either tenant to dispose of his interest, what language is there in the contract recited upon which either party could have legally rebuked the exercise of such right by the other party? No such contract was contained in the assignment to the survivor of them or in the declaration confirming this feature of the assignment. Joint tenancy of itself involves an estate to the survivor. Hence, no contract not to assign was suggested either by the assignment of the securities to the joint tenants and the survivor of them or in the declaration that the securities were to continue the property of the parties and their survivor. Mere expressions relative to the survivor were but confirmation or extension of the intention which resided in the assignment to the parties as joint tenants.

Surrogate's Court, Kings County, July, 1918.    [Vol. 104.

The expression of the opinion in the *McKelway* case that the imposition of the tax violated no contract was not equivalent to a determination that the tax could not be levied if there was a contract by the joint tenants that neither could terminate the tenancy. The real decision was that the one-half of the husband was by reason of joint tenancy a " property right fully acquired only on survivorship."

The suggestion that no contract would be violated by the imposition of the tax was an affluence of argument which exceeded the true ground of disposition, for even if there were a contract not to sever the jointure the conclusion of the Court of Appeals would still remain that, because of the joint tenancy, the surviving tenant took by survivorship as to one-half of the securities an " immediate enjoyment " if not " possession " which she did not have before the death of her husband.

The order so far as appealed from is reversed, and the report is remitted for action accordingly.

Order reversed.