N. RAYMOND WILCOVE, as Administrator of the Estate of SARAH WILCOVE, Deceased, Claimant, *v.* THE STATE OF NEW YORK, Defendant. (Claim No. 22041.)

Court of Claims, January 6, 1933.

*Louis E. Krohn*, for the claimant.

*John J. Bennett, Jr., Attorney-General*, by *Deputy Assistant Attorneys-General James H. Glavin, Burns F. Barford* and *Arthur T. McAvoy*, for the State of New York.

RYAN, J. The two jurisdictional questions raised upon the trial of this claim, namely, failure to properly file the same and the separate corporate entity of the Utica State Hospital under the Mental Hygiene Law, were both resolved in favor of the claimant by the subsequent passage of the enabling act (Laws of 1932, chap. 374).

It remains for the court to determine whether or not the State employees were negligent, and if they were the amount of damages to be awarded.

As to negligence, if there was any doubt in the court's mind at the conclusion of the claimant's case it was cleared and dissipated by the testimony of the hospital employees called on behalf of the defense. The deceased, an insane patient, physically weakened and emaciated, was left unattended on a toilet in a bath room while the nurse went to the opposite end of the dormitory to answer a knock on the door. Another insane patient entered the bath room, took a rubber hose with spray attachment and drenched the deceased in boiling water with resulting scalding, injury and death. The simplest forethought on the part of the attendant would have avoided the injury. A simple device affecting the valves on the hot water pipe would have prevented any patient from access to and manipulation of them. Failure in either of these respects was under the circumstances negligence on the part of the agents, officers and employees of the State and under the act the State is liable.

Deceased was fifty years of age and in poor mental and physical health. Her only heir at law and next of kin is one son, aged twenty-one years at her death. It is difficult to assess damages

in a case of this nature. Nevertheless it falls within the line of cases wherein the courts have held that plaintiffs were entitled to substantial not nominal damages. An award of $2,500 in addition to the funeral expenses is made.

ACKERSON, J., concurs.