In the Matter of the Estate of CHRISTIAN HARTMANNSGRUBER, Deceased.

Surrogate's Court, Kings County, January 9, 1933.

*D. Ray McDonald,* for the petitioner.

*Herbert G. Andrews* and *George W. I. Dwinell,* for the respondents.

WINGATE, S. These provisions of the will which the court is asked to construe are the following:

*"Second.* I give and bequeath the sum of $35,000.00 to my two sisters, Mary Hartmannsgruber and Viktoria Hartmannsgruber, both residing in Germany, to be divided equally between them, share and share alike."

*"Fourth.* All of the rest, residue and remainder of my property, both real, personal and mixed or of whatsoever kind or nature and wheresoever situated, I give, devise and bequeath to my said two sisters, Mary Hartmannsgruber and Viktoria Hartmannsgruber, to be theirs absolutely and forever, share and share alike."

The testator, who had been a resident of Kings county for many years prior to his death, died therein on December 1, 1931, survived by his sister, Viktoria (whose surname is now Pantele), and three nieces, Viktoria Hartmannsgruber and Therese Lederle, children of a predeceased brother, Alois, and Therese Reich, a child of a predeceased brother, Theodore. All of these distributees reside in Germany.

Mary Hartmannsgruber, the sister mentioned in paragraphs " second " and " fourth," died in 1921, approximately ten years prior to the execution of the present will.

The court is asked to determine the effect of Mary's death, as aforesaid upon the testamentary provisions for her benefit.

The legacies in paragraphs " second " and " fourth " are not gifts to a class, but gifts to the beneficiaries therein named *nominatim.* (*Matter of Kimberly,* 150 N. Y. 90; *Matter of King,* 200 id. 189; *Matter of Gillespie,* 233 id. 383.) Further, in the absence

of a contrary intent expressed in the will, colegatees shall take as tenants in common. (Real Prop. Law, § 66; *Matter of Kimberly, supra; Matter of Blumenthal,* 236 N. Y. 448.) Therefore, Mary having died prior to the execution of the will, the legacy to her under paragraph "second" lapsed. "The rule of law is familiar that a legacy or devise will lapse when the legatee or devisee dies before the testator. The rule operates where the legatee or devisee is dead when the will is made." (*Matter of Tamargo,* 220 N. Y. 225, at p. 232.)

By the express language of the will, the surviving sister, Viktoria, is entitled to a one-half of the residuary estate, which estate consists not only of that portion of the decedent's estate not otherwise expressly disposed of by the testator, but void, lapsed and other ineffectual dispositions. The legacy to Mary in paragraph "second," which lapsed as aforesaid, thus became a part of the residuary estate. (See *Morton* v. *Woodbury,* 153 N. Y. 243, at p. 255, and cases cited; *Albany Hospital* v. *Albany Guardian Society,* 214 id. 435.) It is of this augmented residue that the sister Viktoria is entitled to a one-half share. The remaining portion of such residue will be distributed as though the testator had died intestate.

"Where there is a disposition of a part of the residue, and it fails, it will not go in augmentation of the remaining parts as a residue of a residue, but will devolve as undisposed of." (*Morton* v. *Woodbury, supra,* at p. 256; *Beekman* v. *Bonsor,* 23 N. Y. 298, 314; *Kerr* v. *Dougherty,* 79 id. 327, 346; *Booth* v. *Baptist Church,* 126 id. 215, 245; *Matter of Hoffman,* 201 id. 247, 255.)

The circumstance that the legatees under paragraph "second" and those under paragraph "fourth" are identical, does not affect the application of the above-enunciated principles.

Proceed accordingly.