In the Matter of the Estate of OTTO F. FREY, Deceased.

Surrogate's Court, Westchester County, February 5, 1935.

*Fiero & Fiero* [*Charles E. Fiero* of counsel], for the petitioner and for the widow.

*Bryan & Curran* [*Charles L. Curran* of counsel], for the executor.

SLATER, S. This is a construction proceeding. The decedent's will was admitted to probate November 9, 1934. While it was drawn by an attorney, it is not a work of art. It was executed October 29, 1930. The clauses to be considered are as follows:

"*First.* I give, devise and bequeath to my beloved son, Harold F. Frey, the Dry-cleaning and dyeing business, now owned by me, including machinery, fixtures, stock and all other personal property located at No. 271 Nepperhan Avenue and 110 Main Street, in the City of Yonkers, County of Westchester and State of New York, also the automobile trucks used in said business and the pleasure car which I own.

"*Second.* All the rest residue and remainder of my estate, including all cash in bank, Insurance monies and personal effects, I give devise and bequeath to my daughter Edith E. Hueston and my wife Adele Frey equally share and share alike."

The decedent's dry-cleaning business was located on two properties in the city of Yonkers, one at 271 Nepperhan avenue, of which the decedent owned the fee, and one at 110 Main street, where the decedent owned a leasehold of the property.

The son contends that, in the gift of the *business* to him, the fee of the land at 271 Nepperhan avenue passes.

There is no ambiguity to be found in the words of the will. The draftsman used words of ascertained meaning. Therefore, it becomes unnecessary to take extrinsic evidence as to what the decedent intended by the use of words. It is the court's duty to ascertain the intention from the words the testator has used and to give effect to the legal consequences of that intention when ascertained. The courts are limited to the words which the testator has used in his will. (*Matter of Silsby,* 229 N. Y. 396, 402; *Matter of Durand,* 250 id. 45, 54.)

In the first paragraph of the will the decedent uses the words: " I give, *devise* and bequeath to my beloved son, * * * the Dry-cleaning and dyeing *business.*" In *Matter of Lowe* (206 N. Y. 671) the decedent gave, *devised* and bequeathed her printing office and bindery, together with all presses, bindery machinery, type, paper on hand, office furniture and equipment of every nature connected with said business. In the *Lowe* case certain personal property used in the business was mentioned and given. In the instant case the *business* is bequeathed. In the *Lowe* case the court held the gift including the printing *business,* comprising bills receivable and money deposited in bank to the credit of the business; that, in giving to her daughter the business, the decedent intended that she should assume and pay the accounts payable.

In the instant case the decedent obviously designated what he intended to give in addition to and to be included with the business, by saying "including machinery, fixtures, stock and all other personal property located at No. 271 Nepperhan Avenue and 110 Main Street, in the City of Yonkers, * * * also the automobile trucks used in said business." Then, for extra measure, he threw in "the pleasure car which I own."

The word "including," according to common usage, is susceptible of different shades of meaning. It may be used in the sense to comprise or embrace; or to contain or to express the idea that a thing in question constitutes a part only of the contents of some other thing; as a word of enlargement; in other words "to comprise as a part or as something incident or pertinent." (Words & Phrases [2d Series], vol. 2, p. 1006.)

In *Matter of Whitford* (146 Misc. 82, 85) the surrogate decided that it was the intent of the testator to pass the *business itself*, and that such a bequest would seem to include the good will of the business, bills receivable, money deposited in bank to the credit of the business and similar items. (See *Gilles* v. *Stewart*, 2 Dem. 417.) There is a difference between the gift of a *business* and the gift of personal property that goes into the make-up or production of a business. The expression "business" may be an uncertain one. It may mean property, or it may mean "good will" only. The word "business" denotes the employment, or occupation, in which a person is engaged to procure a living. Business, in the sense in which occupation is applied, does not, generally speaking, mean property. It means the activity, the energy, the capacity, and the operations by which results are reached.

The "business" is personal property, as are the mentioned machinery and fixtures in the instant case, and the stock. As an evidence of intention to give only personal property, the decedent adds "and all *other* personal property located at No. 271 Nepperhan Avenue and 110 Main Street." Under the rule of *ejusdem generis* the meaning of this general term is cut down and limited to things of the same class as those theretofore enumerated, *i. e.*, certain personal property. (*Matter of Jones*, 128 Misc. 244; *Matter of Gabler*, 140 id. 581, 583.) By the use of the general words "all *other* personal property," the testator himself characterized "machinery and fixtures" as personal property. The law of the State (Surr. Ct. Act, § 202, subd. 4) is that "Things annexed to the freehold, or to any building for the *purpose of trade or manufacture*, and not fixed into the wall of a house so as to be essential to its support," shall be deemed assets and go to the executor, or administrator, to be applied and distributed as part of the *personal*

property of the testator. Subdivision 9 of the same section says such things annexed to the freehold shall not go to the executor, but shall descend with the freehold, *except* such fixtures as are mentioned in the fourth subdivision of this section.

The term " fixture " may be used in different senses. There is great confusion in regard to the definition of this term. It depends on the intention of the testator. The son says it was his father's intent to give him the land and building. The testator did not say so in words. The intent gleaned from the will is the other way. It would be " putting the cart before the horse " to say that, when " fixtures " are given, one may hang on to the gift a devise of land, on the theory that fixtures are part of the freehold. The very able brief of counsel for the son cites no case which is helpful in support of his views. As a general proposition, a devise of land passes fixtures annexed to the freehold, but to say a gift of fixtures passes the freehold would be doing violence to the intent of the testator, as developed by his words. Nowhere is disclosed the semblance of an intent to devise real estate. There is no substance to the claim that, because " fixtures " are given, so is the land. To devise land, plain words or terms are needed.

This is not a case where there is lack of a residuary clause in the will. The inclusion of a residuary clause in a will calls for a different construction of preceding paragraphs than in wills which do not contain a residuary gift. (*Matter of Reynolds*, 124 N. Y. 388.)

The second paragraph of the will gives the rest, residue and remainder of " my estate " to a daughter and to the wife. Here again the decedent evidenced a desire to state what he thought should belong in the " estate " by including " all cash in bank, Insurance monies and personal effects." These words of inclusion are surplus words. They add nothing to the residuary gift of the estate, nor do they take therefrom. The use of the term " estate," standing alone and without qualification, in law includes all kinds of property, real, personal and mixed. (*Matter of Quackenbush*, 127 Misc. 731; Real Prop. Law, § 240, subd. 4; 2 David's New York Law of Wills, § 756; 1 Jarman Wills, *671; *Hacker* v. *Hacker*, 153 App. Div. 270, 275; *Matter of Seif*, 212 id. 558, 570.)

A gift of specific personal property speaks as of the date of the will. (*Matter of Foster*, 140 Misc. 341.) A residuary clause in a will speaks as of the death of the testator.

A testamentary disposition which is neither expressed, nor necessary to be implied, may not be created. A new will may not be constructed for the decedent. A gift of the residue means all of which no effectual disposition is made by the will, other than by

the residuary clause. The word " estate " in a residuary clause may well be given the effect to include real property.

The efforts of counsel for the son have produced no authority serviceable to his contention that, in the gift of a business, the title to the real estate on which the business is carried on passes with the gift of the business. He cites *Whitney* v. *Olney* ([R. I.] 3 Mason, 280; 29 Fed. Cas. 1108 [1823]). Here was a devise of a paper *mill* with appurtenances. All agreed that the building passed. The question litigated was, did the land pass? A mill is a *building* or collection of buildings with the machinery with which manufacturing is done. A mill must necessarily be the *building*, not the *business*. So the case is not in point to support the son's contention.

I hold that the real estate, No. 271 Nepperhan avenue, owned by the decedent and where he carried on a part of his dyeing business, did not pass under the terms of his will to his son, the legatee of the dry-cleaning and dyeing business. It passed under the residuary clause of his will to his daughter, Edith Frey Hueston, and to his wife, share and share alike.

Submit decree accordingly.