In the Matter of the Estate of HELEN V. GOSDEN, Deceased.

Surrogate's Court, Kings County, January 30, 1936.

*Carl Rood,* for Miles W. Reese, petitioner.

*Frederick A. Keck,* special guardian for Hugh Brady, distributee, and unknown heirs.

*John Francis Schweiters,* for Katherine G. Donohue, widow of predeceased residuary legatee.

WINGATE, S. Paragraph third of this will reads as follows:

"*Third.* I give, devise and bequeath unto my dear nephews John Edwin Donohue, William Francis Donohue and Jerome Brady Stack, all of Baltimore, Maryland, in equal shares, their heirs and assigns, all the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever consisting and wheresoever situate."

The problems presented have origin in the circumstance that the testatrix's nephew, John Edwin Donohue, has predeceased her.

The language of the Court of Appeals in *Matter of Tamargo* (220 N. Y. 225, at p. 229) is conclusive to the argument advanced by respondent Katherine G. Donohue as to the effect of the use by the testatrix of the words " heirs and assigns " in paragraph third of the present will. " In the natural and ordinary meaning of words, a substitutional or alternative gift is expressed by the disjunctive ' or ' or by ' and ' justifiably, under its context, construed to mean ' or; ' in the absence of the disjunctive, the word ' heirs ' or the words ' heirs and assigns ' are words of limitation and not of purchase and the gift is absolute. (*Gittings* v. *M'Dermott,* 2 Myl. & K. 69; *Wright* v. *Trustees M. E. Church,* Hoffman's Ch. 202; *Keniston* v. *Adams,* 80 Me. 290; *Kimball* v. *Story,* 108 Mass. 382; *Gilmor's Estate,* 154 Penn. St. 523.)

" The use of the word ' assigns ' makes it clear that the gift was absolute and not alternative. (*Kendall* v. *Clapp,* 163 Mass. 69; *McKiernan* v. *Beardslee,* 72 N. J. Eq. 283; *Jackson, Executor,* v. *Alsop,* 67 Conn. 249; *Keniston* v. *Adams,* 80 Me. 290; *Kimball* v. *Story,* 108 Mass. 382.) "

The situation presented in that case finds its analogy here. The correctness of this interpretation is further emphasized by the words " in equal shares." This phraseology is consistent only with an absolute gift to the named beneficiaries and would be rendered inapplicable and incorrect were " heirs and assigns " as here employed to be considered as indicative of an intent to create

a substitutional gift. (*Matter of Tamargo, supra.*) "Heirs and assigns" as employed in paragraph third of the will are words of limitation.

John Edwin Donohue having predeceased the testatrix, the proposed gift to him of one-third of the residuary estate has lapsed, and is distributable as in intestacy provided. "Where there is a disposition of a part of the residue, and it fails, it will not go in augumentation of the remaining parts as a residue of a residue, but will devolve as undisposed of." (*Morton* v. *Woodbury*, 153 N. Y. 243, 256; *Wright* v. *Wright*, 225 id. 329, 340, 341; *Matter of Weil*, 151 Misc. 841, 848; affd., 245 App. Div. 822; *Matter of McCafferty*, 142 Misc. 371, 381; affd., 236 App. Div. 678; *Matter of Moores*, 155 Misc. 471, 474; *Matter of Esterbrook*, Id. 456, 457; *Matter of Drake*, 153 id. 691, 693; *Matter of Smallman*, 141 id. 796, 799; *Matter of Hartmannsgruber*, 146 id. 85, 87.)

By affidavit, respondent, Katherine G. Donohue, has sought to establish that testatrix (1) either did not correctly comprehend the legal effect of the language employed by her in the third paragraph of her will, or (2) intended other than that which she has expressed. (1) Even were the court to concede the sufficiency of the affidavits for the purpose urged, a mistake by the testatrix as to the legal effect of the language adopted by her in her will is not the basis of a correction by the court. (*Matter of Swartz*, 79 Misc. 388, 397.) (2) Where the language employed in a testamentary disposition is clear and unambiguous, extraneous testimony of an intent not expressed is inadmissible for any purpose. "*Parol* evidence is not admissible to show that the testatrix did not mean what she has said in words." (*Dwight* v. *Fancher*, 245 N. Y. 71, 74.)

Testatrix has expressly stated her purpose "to not give my said nephew Hugh A. Brady anything under this will." This nephew is, nevertheless, entitled to share as a distributee in that portion of the residuary estate which has lapsed. "It was said by the chancellor in *Haxtun* v. *Corse* (2 Barb. Ch. 506, 521) that ' it was not sufficient to deprive an heir at law or distributee of what comes to him by operation of law, as property not effectually disposed of by will, that the testator should have signified his intention by his will that his heir or distributee, should not inherit any part of his estate. But to deprive an heir or distributee of his share of the property which the law gives him in case of intestacy, the testator must make a valid and effectual disposition thereof to some other person.' " (*Chamberlain* v. *Taylor*, 105 N. Y. 185, 193; *Gallagher* v. *Crooks*, 132 id. 338; *Pomroy* v. *Hincks*, 180 id. 73; *Wells* v. *Squires*, 191 id. 529; *Matter of Trumble*, 199 id. 454; *Matter of Weissmann*, 137 Misc. 113, 116; affd., 232 App. Div. 698.)

Proceed accordingly.