## In the Matter of the Estate of EMILIE COTTER, Deceased.

Surrogate's Court, Kings County, April 30, 1936.

*Edward Burke,* for the petitioner Robert V. Brown, objectant to account.

*Joseph J. Speth* [*Chester T. Krouse* of counsel], for the executor, Milton H. Turner.

WINGATE, S. The questions of law raised by the objections to the account are interesting by reason of the extreme rarity of their occurrence. They involve the legal incidents of ownership inherent in a joint tenancy of property as distinguished from a tenancy in common on the one hand and a tenancy by the entirety, on the other.

Concerning questions of this character, the Appellate Division for the Third Department in *Loker* v. *Edmans* (204 App. Div. 223, 228) cites with approval, and perhaps enthusiasm, the observations of Schouler (Pers. Prop. [5th ed.] § 167): " If the doctrines of a joint and common ownership in things personal appear rather vague, meagre, and unsatisfactory, this is doubtless because they are so seldom applied in the courts. To adjust controversies between those who are so unfortunate as to have once become chattel communists, and to determine how far each proprietor shall enjoy or dispose of what ought to be either sold and divided or else managed upon some special agreement, is a task which the judiciary are reluctant to assume."

These statements, of course, apply with equal force to joint tenancies in realty, since the same principles are applicable to both varieties of property. (*Overheiser* v. *Lackey*, 207 N. Y. 229, 236; *Matter of McKelway*, 221 id. 15, 18.)

The facts pertinent to the present controversy are that on January 7, 1927, a certain mortgage in the principal sum of $3,000 was assigned to Emilie Cotter, the present decedent, and Robert V. Brown, the objectant, " or the survivor of them." On April 9, 1931, Robert V. Brown executed and delivered to the decedent, his co-owner, an instrument which recited his assignment to her of " all my undivided one-half right, title and interest in and to " this mortgage " together with the bond or obligation described in said mortgage and the moneys due and to grow due thereon with the interest. To Have and to hold the same unto the assignee and to the successors, legal representatives, heirs and assigns of the assignee forever." This assignment contained a covenant in usual form that $3,000 principal with six per cent interest was then owing on the mortgage.

The second property item involved is a parcel of realty known as 129 Ridgewood avenue, Brooklyn. This was conveyed by deed dated August 17, 1907, to the same parties " as joint tenants and not as tenants in common." By deed dated April 9, 1931, Brown purported to convey to the decedent " all my undivided one-half right, title and interest in and to " the premises. " To have and to hold the premises herein granted unto the party of the second part, her heirs and assigns forever." The conveyance was in full warranty form, containing covenants of ownership in fee simple with right to convey, of perpetual warranty of title and further assurance.

The purport of the objections to the executorial account is that in spite of the noted assignment and conveyance, the objectant still retained a survivorship right to both assets and that the mortgage and realty are now his sole property by reason of the predecease of his former joint tenant, the contention being that by reason of the fact that in each instance the instrument of transfer purported to convey merely his " undivided one-half " interest, his survivorship rights remained vested in him.

Whereas the habendum clauses in both instruments and the covenants of warranty in the deed would appear to be in irreconcilable conflict with any such position, at least so far as concerns the undivided one-half interest which was vested in the grantor and assignor at the moment of the conveyance, this circumstance is not deemed to possess controlling importance. The real basic question concerns the distinguishing characteristics of the particular

variety of tenure of the property which existed in the decedent and the objectant on the dates of acquisition. By virtue of the terms of the instruments of acquisition and the fact that the parties were not husband and wife, it was a true joint tenancy and not a tenancy in common or by the entirety.

The basic nature of a joint tenancy has been defined in *Matter of McKelway* (221 N. Y. 15, 19) as follows: " Joint tenants, by reason of the combination of entirety of interest with the power of transferring in equal shares, are said to be seized *per my et per tout*, or by the half *and* the whole, but tenants by the entirety are seized *per tout et non per my*, and the conveyance by either husband or wife will have no effect against the other if survivor * * * joint ownership in personal property may be severed by the act of one in disposing of his interest. If the interest of one joint owner passes to a third party he and the other joint tenant become tenants in common. The doctrine of survivorship applies only if the jointure is not severed." (See, also, *Loker* v. *Edmans*, 204 App. Div. 223, 225.)

A further clarifying statement on the distinction between a joint tenancy and a tenancy by the entirety is found in *Dewey* v. *Brown* (133 Misc. 69, 71): " in joint tenancy the title is held by both in equal shares, each being alienable at the will of the owner, while the title by entirety vests the property in both but as one person, neither alone being able to alienate any part of it until the death of the other makes the survivor the sole owner."

To this may be added the statement of Chief Judge ANDREWS in *Hiles* v. *Fisher* (144 N. Y. 306, 312): " The grand characteristic which distinguishes a tenancy by the entirety from a joint tenancy is its inseverability, whereby neither the husband nor the wife, without the assent of the other, can dispose of any part of the estate so as to affect the right of survivorship in the other."

It is, therefore, apparent that a joint tenancy partakes of the characteristics both of a tenancy in common and of a tenancy by the entirety. As in the case of the former, a joint tenant immediately receives a vested undivided interest in the subject-matter in proportion to the total number of tenants, which he may freely alien during his lifetime. (*Matter of Sutter*, 258 N. Y. 104, 106; *Messing* v. *Messing*, 64 App. Div. 125, 126; *Matter of Perry*, 104 Misc. 115, 117; *Baillie* v. *Treharne*, L. R., 17 Ch. Div. 388, 390.) By analogy to a tenancy by the entirety, however, he receives an additional contingent right in the undivided portion of the property which is presently owned by his joint tenant or tenants, that if the mode of tenure remains unaltered until the time when he is the sole survivor of the several grantees, he will obtain title to the entire property. (*Matter of Weissbach*, 111 Misc. 501, 506.)

The present question at issue is respecting the effect of the exercise of the power of individual alienation upon the right of survivorship.

The right of survivorship, in the aspect here under discussion, is merely one of the incidents of the joint tenancy. To constitute such tenure, there is requisite the additional element of present ownership of a moiety. If either element is lacking, the entire nature of the tenancy is destroyed. It follows, therefore, that " The continuance of the joint tenancy depends on the maintenance of the unities of title, interest, and possession; and the destruction of any of these unities leads to a severance of the tenancy, and to the creation either of a tenancy in common, or of several tenancies." (Halsbury's Laws of England, vol. 24, p. 204; *Loker* v. *Edmans,* 204 App. Div. 223, 226.) With the destruction of the joint tenancy, its dependent characteristic of survivorship necessarily evaporates. (*Rush* v. *Rush,* 144 Misc. 489, 490; *Matter of Weissbach,* 111 id. 501, 506; *United States* v. *Robertson,* 183 Fed. 711, 714; certiorari denied, 220 U. S. 616; *Doe* v. *Read,* 12 East, 57, 60; *Roe* v. *Lonsdale,* Id. 39; see, also, *Palmer* v. *Rich,* L. R. [1897] 1 Ch. 134, 141, 142.)

This basic principle receives attention from Vice Chancellor Sir W. PAGE WOOD in *Williams* v. *Hensman* (1 Johns. & H. 546). He writes (at p. 557): "A joint tenancy may be severed in three ways: in the first place, an act of any one of the persons interested operating upon his own share may create a severance as to that share. The right of each joint tenant is a right by survivorship only in the event of no severance having taken place of the share which is claimed under the *jus accrescendi.* Each one is at liberty to dispose of his own interest in such manner as to sever it from the joint fund — losing, of course, at the same time, his own right of survivorship. Secondly, a joint tenancy may be severed by mutual agreement. And, in the third place, there may be a severance by any course of dealing sufficient to intimate that the interests of all were mutually treated as constituting a tenancy in common."

In the case at bar the objectant created a severance of the joint tenancy by a conveyance in their entirety of his sole existing rights in the two items of property. Thereafter the decedent held the moities thus conveyed to her by virtue of a grant other than a grant upon a joint tenancy, and since a person can obviously not be his own cotenant, the original joint tenancy was wholly destroyed and the entire property became the unqualified vested possession of the decedent. The original right of survivorship of the objectant was merely to an accretion to such part of the property as he might chance to own at the time his cotenant died. As events transpired, he owned nothing, wherefore no accretion could inure to him.

The difficulty which he has experienced is due to a failure to differentiate between a joint tenancy and a tenancy by the entirety. The result for which he here contends would have followed under the latter form of holding. (See *Matter of Klatzl*, 216 N. Y. 83, 88; *Jackson* v. *McConnell*, 19 Wend. 175, 178, and authorities hereinbefore cited.)

The objections will accordingly be dismissed.

Enter decree on notice in conformity herewith.