In the Matter of the Petition of GUSSIE A. GEORGE and HAZEL M. BROWN, as Executrices, etc., of JOHN F. KEARNEY, Deceased, for a Determination as to the Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of JOHN F. KEARNEY, Late of the City of Utica, Oneida County, New York, Deceased.

HENRY J. FOX, JR., as Administrator c. t. a. of the Estate of HAZEL M. BROWN, Deceased (Substituted for RUTH B. DONNELLY, as Executrix, etc., of Said Estate), Petitioner, Appellant; WILLIAM M. KEARNEY, ROSEANNA BROWN McDONNELL, NICHOLAS F. KELLY, ROSETTA KELLY SIMMONS, GENEVIEVE BROWN, Respondents.

Fourth Department, November 10, 1939.

*Albrecht, Maguire & Mills* [*Edward N. Mills* of counsel], for Ruth B. Donnelly, as executrix, etc., of Hazel M. Brown, deceased, appellant, and for Henry J. Fox, Jr., as administrator *c. t. a.*, etc., of Hazel M. Brown, deceased, substituted appellant.

*Kernan & Kernan* and *Walter G. Shankenbery* [*Warnick J. Kernan* and *Howard W. Taylor* of counsel], for the respondents.

*William A. Douglas*, for Gussie A. George, as surviving executrix, etc., of John F. Kearney, deceased.

Decree so far as appealed from affirmed, with costs to the respondents, payable out of the estate, on the opinion of RINGROSE, S.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

The opinion of the surrogate follows:

RINGROSE, S. In this proceeding for a construction of the residuary clause of the will of John F. Kearney, a determination is urged entitling the estate of Hazel Brown to the entire remainder, as surviving residuary legatee or as the surviving member of a class.

The clause of the will pertaining to the issue here presented reads as follows:

" All the rest, residue and remainder of my property and estate owned by me at the time of my death I give, devise and bequeath to my cousin Mary A. Brown and her daughter Hazel Brown of No. 23 Richmond Avenue, in Buffalo, New York, in equal shares, such share to each to be her own in fee, absolutely and forever.

" I purposely omit from other mention herein the issue of my brother Edward and of my sister Rose, for whom I have done adequately during my lifetime."

The decedent died on January 18, 1938. His will, executed on November 30, 1937, was admitted to probate by this court on June 1, 1938, and letters testamentary were issued to Gussie A. George and Hazel M. Brown, the named executrices.

Mary A. Brown died prior to the date of the execution of the will and the legacy to her lapsed. (*Matter of Tamargo*, 220 N. Y. 225, 232.) Hazel Brown died during the pendency of this proceeding, and Ruth B. Donnelly, the executrix of her estate, has been substituted as one of the petitioners herein.

Neither of the residuary legatees is a distributee of the testator and, in the event of intestacy, his property would devolve to the descendants of his brother, Edward, and his sister, Rose.

It is urged on behalf of the Hazel Brown estate that the intent to disinherit the descendants of Edward and Rose, expressed by

the testator in the paragraph of his will following the residuary clause, coupled with the obvious mistake or lack of knowledge on his part of the death of Mary Brown, results in a latent ambiguity and justifies this court in adopting the somewhat hazardous expedient of construing the residuary clause by interposing, as referable to the two residuary legatees, the words " or the survivor."

While the courts may transpose, disregard, reject or insert words or phrases to effectuate a legal testamentary intent lawfully declared, regardless of the inadequacy or incorrectness of expression (*Eidt* v. *Eidt*, 203 N. Y. 325, 328; *Matter of Vowers*, 113 id. 569, 571; *Matter of Curley*, 151 Misc. 664, 673; modfd. and affd., 245 App. Div. 255; *Matter of Eustis*, 140 Misc. 344; *Matter of Armstrong*, 125 id. 153), and will strive to avoid intestacy (*Waterman* v. *N. Y. Life Insurance & Trust Co.*, 237 N. Y. 293, 300), they have, however, no authority to construct under the guise of construing nor to add a dispositive provision where one does not exist in fact, or can be inferred from the language of the testator and the attending circumstances at the date of the execution of the will. (*Matter of Nelson*, 268 N. Y. 255, 258; *Dreyer* v. *Reisman*, 202 id. 476, 480; *Matter of Disney*, 190 id. 128, 131; *Leggett* v. *Stevens*, 185 id. 70, 77; *Nolan* v. *Nolan*, 169 App. Div. 372, 374; *Matter of Hopner*, 148 Misc. 748, 752.)

To infer a gift from the context of a will and the surrounding circumstances the probability of such intent must preclude any other reasonable inference. This rule has been stated as follows: " To uphold a legacy by implication, the inference from the will of the intention must be such as to leave no hesitation in the mind of the court and to permit of no other reasonable inference." (*Bradhurst* v. *Field*, 135 N. Y. 564.) " To devise an estate by implication, there must be such a strong probability of an intention to give one, that the contrary cannot be supposed." (*Post* v. *Hover*, 33 N. Y. 593, 599.)

While it is presumed that the decedent did not contemplate intestacy from the fact that he executed a will (*Lamb* v. *Lamb*, 131 N. Y. 227, 234; *Wright* v. *Wright*, 225 id. 329, 340), nevertheless this will was drafted by an experienced lawyer in accordance with the testator's instructions, which are merged in the written document (*Matter of Leonard*, 143 Misc. 172, 180; *Matter of Barrett*, 141 id. 637, 638), and in the interpretation of intention the courts are limited to the words used by the testator. (*Matter of Frey*, 154 Misc. 421; *Matter of Durand*, 250 N. Y. 45, 54.)

It is self-evident that there existed in the mind of this testator at the time of the preparation and execution of the will a conscious intent to disinherit the children of his brother Edward and his

sister Rose, who appear to be his distributees and the natural objects of his bounty. Whether this intent was predicated upon the desire to make an equitable distribution of his property, having in mind previous gifts to the natural objects of his bounty, as stated in his will, or was inspired by displeasure due to the conduct of one or more of the children of his brother Edward, as the evidence would seem to indicate, is of no consequence in the absence of a valid disposition of the lapsed legacy. (*Matter of Hoffman*, 201 N. Y. 247, 255; *Matter of Tamargo, supra; Brown* v. *Quintard*, 177 N. Y. 75, 85; *People's Trust Co.* v. *Flynn*, 188 id. 385, 393; *Matter of Gosden*, 158 Misc. 99.)

A construction of this will, by annexing the condition of survivorship to the gift of the residuary, would import a testamentary scheme on the part of the decedent based solely upon conjecture, speculation and surmise and effectuate a result contrary to the expressed purpose of the testator as derived from the natural, usual and ordinary meaning of the words used by him, as well as from their grammatical significance. It is equally inferable that the testator intended a gift of one-half of his residuary estate to each of the respectively named residuary legatees in appreciation of favors rendered by them to him or in memory of a valued and esteemed personal friendship, and in the event of a failure of the gift to either or both he was satisfied that it devolve as intestate property, according to the laws of this State. While both of the stated possibilities are speculative, the intent of the testator as expressed in his will results in the latter disposition of his property.

The conclusion that he intended to limit the gifts to the individual beneficiaries is amply supported by his characterization thereof, in the following words: " In equal shares, such share to each to be her own in fee, absolutely and forever." In this connection it may be noted that there was no evidence of ill feeling existing between the testator and the children of his sister Rose. Also, it may be concluded that had the testator intended to attach the condition of survivorship to the residuary gift, he would have done so, as his familiarity with the meaning and significance of the term is amply demonstrated in his use of the word with reference to the executors nominated in his will.

This construction conforms with the well-recognized, although frequently criticized, rule that the failure of a share of a residue, creating a residue of a residue, results in an intestacy as to that share (*Beekman* v. *Bonsor*, 23 N. Y. 298, 312; *Matter of Hoffman, supra; Wright* v. *Wright, supra*); and also with the rule that a construction of a will whereby the distributees of the testator would be disinherited should be avoided unless the inference to

the contrary is positive, cogent and plain. (*Brown* v. *Quintard, supra.*)

The same reasoning applies to the adoption of the other alternative by conferring upon the residuary legatees the privilege of class membership.

A gift to a class by will has been legally defined as " the gift of an aggregate sum to a body of persons uncertain in number at the time of the gift and to be ascertained at a future time designated, who are all to take in equal or other definite proportions, the share of each being dependent for its amount upon the ultimate number." (7 Heaton on Surrogates' Courts, p. 413; *Matter of King*, 200 N. Y. 189; *Matter of Kimberly*, 150 id. 90, 93; *Moffett* v. *Elmendorf*, 152 id. 475, 483.)

The contention that the testator intended the residuary legatees to take as a class falls of its own weight. Such an inference is impossible upon the evidence and in direct contradiction to the provision of the will which by reason of its unequivocal language precludes the resort to parol evidence to contradict, vary or enlarge its terms. (*Dwight* v. *Fancher*, 245 N. Y. 71; *Matter of Bent*, 142 Misc. 811; *Matter of Smith*, 254 N. Y. 283, 289.)

It follows that the gift of the residuary estate is not a gift to a class, but to designated beneficiaries (*Matter of Gillespie*, 233 N. Y. 383; *Matter of King, supra*); and the colegatees take as tenants in common. (*Matter of Blumenthal*, 236 N. Y. 448; Real Prop. Law, § 66; *Matter of Cotter*, 159 Misc. 324.)

The share of the residuary estate bequeathed to Mary A. Brown devolves as intestate property. (*Matter of Tamargo, supra; Matter of Hartmannsgruber*, 146 Misc. 85, 87; *Beekman* v. *Bonsor, supra; Kerr* v. *Dougherty*, 79 N. Y. 327, 346; *Morton* v. *Woodbury*, 153 id. 243, 256; *Matter of Hoffman, supra; Albany Hospital* v. *Albany Guardian Society*, 214 N. Y. 435; *Matter of Gosden, supra.*)

Decreed accordingly.