## LYNCH v. MURRAY.

### No. 10638.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1943.

Rehearing Denied Jan. 29, 1944.

650

·Frank J. Wideman, of Washington, D. C.; and J. Field Wardlaw, of West Palm Beach, Fla., for appellant.

John M. Murrell and Wm. H. Malone, both of Miami, Fla., for appellee.

Before HUTCHESON and HOLMES, Circuit Judges, and RUSSELL, District Judge.

HOLMES, Circuit Judge.

This appeal involves the title to bank deposits, and is governed by the law of Florida. Its correct decision depends upon the construction of a statute of that state modifying the common law of joint tenancy with the right of survivorship.

Prior to her death, Frances Lynch created joint bank accounts in various cities in the name of herself and the appellee. All funds deposited in these accounts originally were the property of Miss Lynch, or came from joint accounts of Miss Lynch and her mother. Miss Lynch died on May 19, 1942, and on that date sums aggregating more than $30,000 were on deposit in joint accounts in two banks in Miami, Florida. The appellant, decedent's administratrix, claimed the funds in behalf of her intestate; Mrs. Murray claimed them by right of survivorship; and both banks filed bills of interpleader. The cases were consolidated and tried before the court without a jury, and judgment was entered for appellee. The administratrix has appealed.

The following material facts, as found by the court below, were clearly proven by the evidence and must be accepted as true: Miss Lynch and the appellee lived together and were intimate friends; each felt toward the other as a sister; and on more than one occasion Miss Lynch stated in public that whatever property she owned she considered Mrs. Murray's also. When three of the joint bank accounts were opened, including one of the two here involved, Miss Lynch discussed at length with officers of the banks the nature and legal consequences of joint accounts; and on each occasion she made clear her intention that either she or Mrs. Murray should have the right to draw upon the account, and that upon the death of one of them the entire balance in the account should be the property of the survivor. These statements were admissible as declarations against interest.

One of the joint accounts involved was opened in the First National Bank of Miami on November 18, 1941. At that time Miss Lynch and Mrs. Murray executed an agreement in writing providing that they agreed with each other and with the bank that all sums theretofore or thereafter deposited in the joint account by either party should be owned by Miss Lynch and Mrs. Murray jointly, with the right of survivorship. It was further agreed that no provision of the instrument could be changed, waived, or terminated, except by written notice to the bank signed by both parties. On December 10, 1941, when the other account in controversy was opened in the Little River Bank & Trust Company, Miss Lynch and Mrs. Murray executed an instrument containing provisions identical with those referred to in the depository agreement at the First National Bank of Miami.

Prior to July 1, 1941, Section 5482 of the Compiled General Laws of Florida provided that the doctrine of the right of survivorship, in cases of real estate and personal property held by joint tenants, should not prevail in Florida. As of July 1, 1941, and prior to the creation of the joint accounts here in question, an exception was engrafted upon the statute with respect to estates created by a conveyance to two or more persons where the instrument creating the estate expressly provided for the right of survivorship.[1]

In the case of Cerny v. Cerny, 11 So. 2d 777, the Supreme Court of Florida held that the provisions contained in a bank signature-card (as were the depository agreements here) would not be construed as vesting title or creating a right of survivorship on the part of a joint depositor unless it contained unequivocal language

1. Section 689.15 of the Florida Statutes of 1941, F.S.A. § 689.15, provides: "The doctrine of the right of survivorship in cases of real estate and personal property held by joint tenants shall not prevail in this state; that is to say, except in cases of estates by entirety, a devise, transfer or conveyance heretofore or hereafter made to two or more shall create a tenancy in common, unless the instrument creating the estate shall expressly provide for the right of survivorship; and in cases of estates by entirety, the tenants, upon divorce, shall become tenants in common."

to show that the survivor of two persons having a joint bank account should take title at the death of the other.

Under the common law, the doctrine of survivorship was an incident to all joint tenancies.[2] Growing disfavor with the doctrine caused many states to enact statutes limiting its application to cases where the creation of a joint tenancy with right of survivorship was clearly intended and effectuated in the instrument of conveyance.[3] As we interpret the amendatory statute of 1941, supra, and the plain implication of the Florida Supreme Court in the Cerny case, the State of Florida will recognize and enforce the doctrine of survivorship with respect to joint bank accounts if the terms of the depository agreement unequivocably provide therefor. Upon this record, the court below did not err in finding that the depository agreement expressly provided for the creation of a joint ownership of the funds on deposit with the right of survivorship. Such right, being clearly intended and effectuated in said agreement, is valid and enforceable under said statute of Florida.

The judgment appealed from is affirmed.

RUSSELL, District Judge (concurring specially).

I concur in the judgment of affirmance because of the "plain implication of the Florida Supreme Court in the Cerny case, the State of Florida will recognize and enforce the doctrine of survivorship with respect to joint bank accounts if the terms of the depository agreement unequivocally provide therefor." While the evidence is ample to support the finding that Miss Lynch intended to give a joint interest in the deposit to Mrs. Murray with the right to the entire remaining balance in the checking account if she outlived her, I am not at all certain that the instrument when construed as a whole is sufficient to legally effectuate her intention. It may be well doubted whether this instrument which gave to either of the parties the right of withdrawal of the whole of the account constituted a present gift legally enforceable, lacking as it does the essential element of relinquishment of dominion over the thing given. Also I am not at all certain that such an instrument could be said to create a "joint tenancy" within the terms of the Florida Statute and legal principles applicable thereto, where the "tenants" though joint owners each have an individual and separate right of disposal of the entire estate. The difficulty becomes clear if we envision a conveyance of real estate to two parties as joint owners but with a provision that either should have the right to convey the joint ownership by individual deed. It is at most a hybrid form of joint tenancy.[4] Joint ownership does not mean joint tenancy alone; partners and tenants in common are joint owners though not joint tenants.[5] The Florida statute refers only to "joint tenants". Some States, among them California and New York, have thought advisable, doubtless to remove the legal difficulties mentioned, to enact statutes defining such joint depositors as joint tenants, but our attention is called to no such Florida Statutes. It would appear that such agreements can be upheld only upon the theory of a contract between the parties and thus avoid the legal inability to uphold them as a gift in presenti and because questionable as evidencing joint tenancy. If the present case was submitted and uninfluenced by any Florida adjudication, I would be inclined to follow those adjudications amply supported by law and reason, some of which are cited above, and strike down such agreements after death (except as for the protection of the bank) as an abortive attempt to make a testamentary disposition without the formality of a will, for under the facts here disclosed that was the

[2] Thornburg v. Wiggins, 135 Ind. 178, 34 N.E. 999, 22 L.R.A. 42, 41 Am.St. Rep. 422; Johnston v. Johnston, 173 Mo. 91, 73 S.W. 202, 61 L.R.A. 166, 96 Am. St.Rep. 486; 7 R.C.L. 812.

[3] Thornburg v. Wiggins, supra; Farr v. Trustees of Grand Lodge, 83 Wis. 446, 53 N.W. 738, 18 L.R.A. 249, 35 Am.St. Rep. 73; 7 R.C.L. 813, 814; Anderson v. Acheson, 132 Iowa 744, 110 N.W. 335, 9 L.R.A.,N.S., 217.

[4] See Appeal of Garland, 126 Me. 84, 136 A. 459; In re Cotter's Will, 159 Misc. 324, 287 N.Y.S. 670; Clark v. Bridges, 163 Ga. 542, 136 S.E. 444; Hamilton v. First State Bank of Willow Hill, 254 Ill.App. 55; Staples v. Berry, 110 Me. 32, 85 A. 303, 33 C.J. 907, n. 3b, holding where either one of two joint owners can draw upon a joint bank deposit for the entire amount of such deposit at any time, such power is inconsistent with the attributes of a joint tenancy.

[5] In re Huggins' Estate, 96 N.J.Eq. 275, 125 A. 27; Minor v. Perry, D.C., 19 F.Supp. 449, 450.

actual purpose of the insertion of the provision of the right of survivorship. Especially should this be so where the normal rule of descent of property to the family line is interrupted, as in the present case, and where the joint deposit is a checking account, constantly fluctuating, and where the "survivor" contributed nothing to either the original or any subsequent deposit. In the Cerny case, supra, the question certified was whether the writing there involved constituted "a contract" and while referring to the joint tenancy statute of Florida, by its language and the clear implication above referred to apparently recognized the contract theory. I therefore concur in the judgment of affirmance in this case.