In the Matter of the Accounting of LYLE T. McCLURE, as Administratrix C.T.A. of LILA W. SEAMAN, Deceased.

Surrogate's Court, New York County, July 11, 1949.

*Rippey T. Sadler* for administratrix *c.t.a.*, petitioner.

*Theodore K. McCarthy* for Jean R. Cook, respondent.

*Frederick W. McGowan* for National Surety Corporation, respondent.

FRANKENTHALER, S. In this proceeding to settle the final account of an administratrix *c.t.a.*, a construction of the will is requested. Under paragraph sixth thereof the residuary estate was given " to my step-mother, Alice B. Seaman, of Ellenville, Ulster County, New York, and my namesake, Lyle Taylor McClure, of Colonia, New Jersey, equally, to have and to hold the same absolutely." Alice B. Seaman, above-named, predeceased the testatrix. The question arises as to disposition of her share of the residuary estate.

The court holds that the legacy was not intended as a gift to a class but to the named beneficiaries separately and as individ-

uals (*Matter of Kimberly,* 150 N. Y. 90; *Matter of Blumenthal,* 236 N. Y. 448; *Matter of Hartmannsgruber,* 146 Misc. 85; *Matter of Whelan,* 55 N. Y. S. 2d 765). Accordingly, the gift to the legatee who predeceased the testatrix has lapsed.

Ordinarily a lapsed gift will pass under a general residuary clause (*Matter of Logasa,* 163 Misc. 628). However, where there is a failure of a gift of part of the residue itself, the lapsed portion will not be employed to augment the shares of the survivors, since admittedly the intention of the testator was to create a gift for each legatee of only a specified segment of the residue (*Beekman* v. *Bonsor,* 23 N. Y. 298; *Matter of Hoffman,* 201 N. Y. 247; *Wright* v. *Wright,* 225 N. Y. 329). Therefore, the gift having lapsed, the property must pass as upon intestacy.

Submit decree on notice construing the will and settling the account accordingly.