Laurence D. Wood, S.
On December 3,1959 Paraska Rushak, also known as Pearl Rushak, had for a number of years been *559 the sole owner of an interest account in the First Trust & Deposit Company, G-eddes Street Branch, Syracuse, New York, said account standing in her name alone. On or about that date the names of her two sons, John Bushak and Stephen Bushak were added to the bank’s records as joint owners of the said account and all three signatures were affixed to the bank’s signature card with the usual notation that this was a joint account, that either party could draw on it, and that on the death of either party the survivor would be entitled to the balance of the account. The mother, Paraska Bushak retained possession of the passbook for the account and no deposits or withdrawals were made in the account thereafter. Neither son, John or Stephen Bushak at any time contributed any money to the account or ever had possession of the passbook during the lifetime of their mother. Their mother, Paraska Bushak died on July 20,1965. The passbook for this bank account was found among her possessions after her death. She left a last will and testament which named her son John as her executor and which will was duly admitted to probate September 22, 1965. Five days after his mother’s death, Stephen Bushak died unexpectedly on July 25,1965 leaving a last will and testament which named his wife Sophie K. Bushak executrix and which will was duly admitted to probate August 18, 1965. This proceeding is brought by Sophie K. Bushak, the executrix of the estate of Stephen Bushak to have this court determine that the above-mentioned bank account belongs one half to the estate of Stephen Bushak and one half to his brother John Bushak who survives. John Bushak contends that this bank account is within the provisions of section 675 of the Banking Law which became effective June 1, 1965 prior to the death of Paraska Bushak and Stephen Bushak and that therefore the establishment of this joint account was prima facie evidence of the intention of the parties to create a joint tenancy vesting title in the survivor, John Bushak. The petitioner contends that this account does not come within the provisions of section 675 of the Banking Law because by its wording in the singular that section applies only to joint accounts of two persons and not of three or more persons, and further that it was not the intention of the mother Paraska Bushak when this joint tenancy was created that the right of survivorship should continue to apply after her death as between her two sons.
The wording of section 675 (subd. [a]), “ in the name of such depositor * * * and another person and in form to be paid or delivered to either, or the survivor of them ’ ’ would indicate at first glance that only such depositor and one other person were intended to be included by the section as joint owners, and *560 only one person as “ the survivor of them We believe that section 35. of the General Construction Law can be applied to the wording of section 675 of the Banking Law so as to make the words “ person ” and “ survivor ” include the plural. We are satisfied that a bank account can be joint as between three or more persons as well as between two. (Matter of Cotter, 159 Misc. 324; Matter of Mescall, 138 N. Y. S. 2d 834.)
Petitioner has not sustained the burden of proof required under this section of the Banking Law to refute the ownership by survival of the two sons, John and Stephen, on the death of their mother. When this occurred the two brothers found themselves as co-owners of the account, as joint tenants. If either was not satisfied to let this continue as such, subject to the provisions of section 675 of the Banking Law, he could, and within a reasonable length of time, should have taken the necessary legal steps to terminate it. An action of partition in equity would have been available for this purpose. (Loker v. Edmans, 204 App. Div. 223; Matter of McKelway, 221 N. Y. 15; Williams v. Menz, 20 A D 2d 749.)
From the facts before us we have here two separate and distinct joint tenancies in this bank account. The first one with the three joint tenants, the mother and her two sons was voluntary and intentional and, upon the death of the mother, ownership of the bank account belonged to the two sons. The second joint tenancy resulting from the death of the mother was between the two sons alone. There seems to be a dearth of authorities, as to the application of section 675 of the Banking Law and its derivatory sections, to a situation with facts similar to the case before us, where a second death occurred before the joint form of an account could be changed or terminated. This joint tenancy between just the two sons was not a voluntary or intentional joint tenancy but was one which resulted from the death of their mother. We do not believe that the legislators, when they enacted section 675 of the Banking Law, intended that the survivorship provision and prima facie evidence rule therein contained should extend to more than the first death in joint accounts of more than two persons, and especially where a ■second death occurs so soon after the first death that there is not a reasonable time lapse by which "we can find any intention or lack of intention as to a future survivorship in the parties surviving the first death. By the wording in subdivision (b) of this section intention is a necessary element for survivorship. The prima facie evidence there provided is “ The making of such deposit We believe that the legislators did not mean this to apply any farther than the first death as evidence of intention *561 of all parties in the case of a joint tenancy of more than two persons. We do not believe that the second joint tenancy between only the two sons can be considered within the scope of subdivision (b) of section 675, since after the mother’s death there was no “ making of such deposit ” or the equivalent by ratification or resulting from no action being taken for a reasonable length of time, which created such a joint survivorship account between the two brothers only. Therefore we do not believe that the prima facie evidence rule as to intention should apply to this second joint tenancy, since it was not created voluntarily or as a result of any intention of the joint tenants but solely by the circumstance of the death of their mother.
On the subject of intention, we have in this court the last wills and testaments of the mother, Paraska Rushak, and the one son Stephen Rushak, both of which have been duly admitted to probate. The will of the mother, Paraska Rushak is dated December 5, 1963 and by its terms clearly shows no preference to either son over the other. The will of Stephen Rushak was dated September 13, 1961 and nowhere in it is mentioned the name of his brother, John. It leaves his entire estate to his wife except if she should predecease him or they should both die as a result of a common disaster in which event he divides his estate between his two children and names one of his sisters to be his children’s guardian. This will clearly refutes any claim of intention on Stephen’s part that this joint bank account should go entirely to his brother John upon his death. The terms of the will of the mother, Paraska Rushak, refute any claim of intention on her part that within the period of five days after her death this bank account should become the sole property of her son John to the exclusion of Stephen’s wife and children. We believe that within a reasonable time after the death of Paraska Rushak, the mother, there was a duty on each son to take the necessary steps to change or divide this bank account unless he was satisfied to have the survivorship provision and prima facie evidence rule of section 675 of the Banking Law apply. Under the facts present here, we do not believe that the son Stephen had any such reasonable time to do the things necessary with regard to this account between the date of the death of the mother on Tuesday, July 20, and his own death on Sunday, July 25, during which period there were only three banking days, Wednesday, Thursday and Friday, the latter being the day of the mother’s funeral. We believe that it was a practical impossibility and it would be unreasonable to expect the son Stephen during those three banking days after his mother’s death and before her funeral to have been able to take *562 the steps necessary to provide that his joint interest with his brother John in this account would be protected for the benefit of his own wife and children in the event of his own death.
Therefore we find that the bank account here in question belongs one half to the estate of Stephen Bushak and one half to John Bushak. (Williams v. Menz, supra.)